# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN NIEBERDING and FREDRICK ALOYSIUS NIEBERDING, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) No. 12-2353-KHV |
| BARRETTE OUTDOOR LIVING, INC., HOME DEPOT U.S.A., INC. and JOHN DOE DEFENDANTS 1-5. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Jonathan and Fredrick Nieberding bring this putative class action lawsuit against Barrette Outdoor Living, Inc., Home Depot U.S.A., Inc. and John Doe defendants 1-5 for damages and injunctive relief based on injuries arising out of the failure of a vinyl railing that Barrette manufactured and Home Depot sold. John Doe defendants 1-5 are individuals partnerships and/or corporations who are or were engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties or related entities, the defective railing system. Plaintiffs allege breach of warranty (Count I); deceptive or unconscionable acts or practices in violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq. (Count II); unjust enrichment (Count III); strict liability in tort for design defect and failure to warn (Counts IV and V); negligence (Count VI); and negligently supplying dangerous instrumentalities (Count VII).[1] This matter is before the Court on Home Depot's Partial Motion To Dismiss Second Amended Complaint

---

[1] Plaintiffs' Second Amended Complaint (Doc. #36) filed August 31, 2012, mistakenly labels this count as "Count IV."

(Doc. #38) filed September 14, 2012, and Defendant Barrette Outdoor Living, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #40) filed September 21, 2012.  For the reasons stated below, the Court overrules both motions.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

The Court does not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiffs bear the burden of framing their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  Twombly, 550 U.S. at 556.  Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not

permit the Court to infer more than a mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

In accordance with Federal Rule of Civil Procedure 9(b), plaintiffs must plead with particularity allegations of deceptive or unconscionable acts or practices under the KCPA. Gonzalez v. Pepsico, Inc., 489 F. Supp. 2d 1233, 1247 (D. Kan. 2007); Thompson v. Jiffy Lube Int'l, Inc., 505 F. Supp.2d 907, 930-32 (D. Kan. 2007); see Fed. R. Civ. P. 9(b); see also Plaintiffs' Response To Defendant Home Depot USA, Inc's Partial Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #41) filed September 28, 2012 at 4. For purposes of Rule 9(b), particularity includes the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997); Gonzalez, 489 F. Supp.2d at 1248. In other words, plaintiffs must set out the who, what, where and when of the alleged act or practice. See Thompson, 505 F. Supp.2d at 930-31.

**Procedural Background**

On June 19, 2012, Jonathan Nieberding filed a First Amended Complaint (Doc. #3), which was substantially the same as the Complaint (Doc. #1) filed June 5, 2012: The original complaint alleged that Jonathan Nieberding purchased the vinyl railing in question, while the first amended complaint alleges that Jonathan Nieberding "and/or his father" purchased it. Compare, e.g.,

3

Complaint (Doc. #1) at 3-4 with First Amended Complaint (Doc. #3) at 3-4.  Home Depot moved to dismiss the KCPA and unjust enrichment claims (Counts II and III) and Barrette moved to dismiss the KCPA claim (Count II).  Home Depot's Partial Motion To Dismiss (Doc. #22) filed July 26, 2012; Motion To Dismiss (Doc. #24) filed July 26, 2012.  One of their reasons for moving to dismiss was because plaintiff's first amended complaint did not unequivocally allege that he was a consumer or that he had conferred a benefit on defendants.

On August 31, 2012, Jonathan Nieberding filed a Second Amended Complaint (Doc. #36), which added his father, Fredrick Nieberding, as a plaintiff.  Home Depot and Barrette then refiled their motions to dismiss, incorporating their own previous motion and briefs as well as each other's. Home Depot's Partial Motion To Dismiss Second Amended Complaint (Doc. #38) filed September 14, 2012; Defendant Barrette Outdoor Living, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #40) September 21, 2012.  On November 8, 2012, the Court overruled as moot defendants' first motions to dismiss.  Doc. #54.

In light of plaintiffs' second amended complaint, Home Depot abandoned its request to dismiss plaintiffs' KCPA at this time, but reasserted its motion to dismiss plaintiffs' unjust enrichment claim (Count III) because plaintiffs have an adequate legal remedy.  Reply Memorandum In Further Support Of Home Depot's Partial Motion To Dismiss (Doc. #33) filed August 29, 2012 at 1-2 (recognizing that second amended complaint addresses Home Depot arguments regarding KCPA claim and pleading deficiency in plaintiffs' unjust enrichment claim); see also Reply Memorandum In Further Support Of Defendant Home Depot's Partial Motion To Dismiss Second Amended Complaint (Doc. #46) filed October 8, 2012 at 1-2 (KCPA and breach of warranty claims remain available legal remedies that preempt unjust enrichment claim).  Therefore, with respect to

Home Depot's motion, the Court will only address its argument for dismissing plaintiffs' unjust enrichment claim based on the availability of legal remedies. Barrette, however, maintains its request to dismiss plaintiffs' KCPA claim and its request to dismiss plaintiffs' request for classwide damages under the KCPA.

### Facts

With respect to plaintiffs' KCPA and unjust enrichment claims, the second amended complaint alleges the following facts:

In June of 2010, plaintiffs purchased a Williamsburg vinyl railing system from Home Depot in Manhattan, Kansas. Barrette manufactured the railing system. Defendants designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Traditional and Williamsburg railing products in the ordinary course of their businesses. Following the instructions that Barrette provided, plaintiffs installed the railing system on a second story balcony of their home.

On or about June 9, 2011, the railing system gave way, cracked, split and failed. As a result, Jonathan Nieberding fell from the second story balcony and, among other injuries, suffered a scaphoid fracture on his left wrist. Specifically, the vinyl post jacket and/or vinyl insert that connects and holds the steel railing to the post, warped, cracked, split and otherwise failed. Nothing, other than the vinyl jacket/insert, held the steel railing in place.

Defendants have engaged in acts and practices which are "deceptive" and "unconscionable" as those terms are described in the KCPA, K.S.A. §§ 50-626 and 50-627. Among other things, defendants sold products to plaintiffs and other consumers that when used as reasonably anticipated give way, crack, split and fail. At the time of design, manufacture, sale, testing, transportation, distribution, supply and use of the vinyl railing, defendants knew or should have known the

5

dangerous nature of the railing system and the likelihood that it would fail and cause injury. Defendants willfully failed to disclose to plaintiffs and other consumers such fact, which was material to the consumer transactions. Through advertising, defendants misrepresented that their railing products were "safe and secure," will "keep your family and guests safe" and that the "vinyl railings will require very little maintenance and will not warp, crack, splinter, peel or ever need painting."

As a result of defendants' unfair trade practices, plaintiffs and putative class members have suffered damages and are entitled to recover those damages and all costs of this action, including attorney fees and costs, under the KCPA, K.S.A. §§ 50-623, et seq. Under K.S.A. § 50-634, plaintiffs and class members are also entitled to an injunction enjoining defendants' continued use of these unfair trade practices, including an injunction against the continued sale of products that when used as anticipated give way, crack, split and fail.

Plaintiffs and class members purchased defendants' products, which they would not have purchased had they known that the products, when used as anticipated, give way, crack, split and fail. As a result, defendants were unjustly enriched at the expense of and to the detriment of plaintiffs and the class. Plaintiffs and the class are therefore entitled to restitution and an order requiring defendants to disgorge all profits, benefits and other compensation they obtained from the sale of these products.

## **Analysis**

As discussed above, Home Depot moves to dismiss plaintiffs' unjust enrichment claim (Count III) because plaintiffs have available legal remedies. Barrette moves to dismiss plaintiffs' KCPA claims (Count II) because (1) plaintiffs did not plead the claims with particularity in

accordance with Federal Rule of Civil Procedure 9(b), (2) plaintiffs did not plead facts that constitute an unconscionable act or practice and (3) under the KCPA, the damages that plaintiffs seek are not recoverable in a class action.

## I.     Home Depot Motion To Dismiss

Home Depot asks the Court to dismiss plaintiffs' claim for unjust enrichment (Count III). It argues that plaintiffs' legal claims for breach of warranty (Count I) and violation of the KCPA (Count II) displace plaintiffs' equitable claim for unjust enrichment. Because unjust enrichment claims are equitable, generally they are not available when an adequate remedy exists under a legal claim. Deeds v. Waddell & Reed Inv. Mgmt. Co., 47 Kan. App.2d 499, 511, 280 P.3d 786, 795 (2012) (citing Nelson v. Nelson, 288 Kan. 570, 597, 205 P.3d 715, 734 (2009)) (affirming summary judgment on unjust enrichment claim based on existence of adequate statutory remedy); see also J.W. Thompson Co. v. Welles Prods. Corp., 243 Kan. 503, 511, 758 P. 2d 738, 744 (1988) (describing unjust enrichment claim).

At the pleading stage, however, under Federal Rule of Civil Procedure 8(d), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Although plaintiffs cannot take both their unjust enrichment and legal claims to judgment, at this time the Court declines to dismiss plaintiffs' unjust enrichment claim on the basis that legal claims for relief displace it. See In re Motor Fuel Temperature Sales Practices Litig., 534 F. Supp.2d 1214, 1235-36 (D. Kan. 2008); see also Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colo. v. Brown Grp. Retail, Inc., 598 F. Supp.2d 1185, 1192-93 (D. Colo. 2009).

**II.     Barrette Motion To Dismiss**

Barrette asks the Court to dismiss plaintiffs' claims that it violated the KCPA by engaging in deceptive and/or unconscionable acts or practices.  It argues that (1) in accordance with Federal Rule of Civil Procedure 9(b), plaintiffs did not plead with sufficient particularity claims for deceptive acts or practices under the KCPA, (2) plaintiffs did not plead facts that constitute an unconscionable act or practice and (3) under the KCPA, the damages plaintiffs seek are not recoverable in a class action.

**A.     Particularity Of KCPA Claims For Deceptive Acts Or Practices**

The KCPA prohibits deceptive acts or practices in connection with a consumer transaction. K.S.A. § 50-626(a).  Among other things, deceptive acts or practices include a wide variety of knowing misrepresentations, id. § 50-626(a)(1), and willful failure to state a material fact, id. § 50-626(a)(3).  The parties agree that plaintiffs must plead their KCPA claims with particularity in accordance with Federal Rule of Civil Procedure 9(b). Plaintiff's Response To Defendant Barrette's Motion To Dismiss (Doc. #30) filed August 15, 2012 at 3 (incorporated in Plaintiff's Response To Defendant Barrette's Motion To Dismiss The 2nd Amended Complaint (Doc. #42) filed September 28, 2012)); Motion To Dismiss (Doc. #24) filed July 26, 2012 at 3 (incorporated in Defendant Barrette Outdoor Living, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #40) filed September 21, 2012)); see also Gonzalez, 489 F. Supp.2d at 1247; Thompson, 505 F. Supp.2d at 931.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  This means that plaintiffs must allege the time, place and contents of the false representation, the identity of the party making the false statements

8

and the consequences thereof. Schwartz, 124 F.3d at 1252; Gonzalez, 489 F. Supp.2d at 1248. In other words, plaintiffs must set out the who, what, where and when of the alleged act or practice. See Thompson, 505 F. Supp.2d at 930-31.

Barrette argues generally that plaintiffs' second amended complaint contains no allegations regarding the time frame in which Barrette committed the alleged deceptive and unconscionable acts. With respect to the alleged misrepresentations, Barrette more specifically argues that plaintiffs do not allege that it made the alleged misrepresentations about the Traditional and Williamsburg prebuilt vinyl railing products that plaintiffs purchased, and that plaintiffs do not specify who made the alleged misrepresentations, to whom they were made, or when and where they were made.

Plaintiffs allege that they purchased a Williamsburg vinyl railing system from Home Depot in Manhattan, Kansas in June of 2010; that Barrette designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Traditional and Williamsburg railing products at issue; that at the time of design, manufacture, sale, testing, transportation, distribution, supply and use of the vinyl railing, Barrette knew or should have known the dangerous nature of the railing system and the likelihood that it would fail and cause injury; that nothing, other than the vinyl jacket/insert, held the steel railing in place; that Barrette willfully failed to disclose this fact; and that Barrette advertises that their products are designed to be "safe and secure," "keep your family and guests safe," and "vinyl railings will require very little maintenance and will not warp, crack, splinter, peel or ever need painting." Plaintiffs have therefore pled with sufficient particularity claims for deceptive acts or practices under the KCPA – they allege the who, what, where and when of the alleged act or practice.

9

### B. Unconscionable Act Or Practice Claim

The KCPA prohibits suppliers from engaging in any unconscionable act or practice in connection with a consumer transaction. K.S.A. § 50-627(a). It requires courts to liberally construe the statute to promote the policy of protecting consumers from suppliers who commit deceptive and unconscionable practices. Kan. Stat. Ann. § 50-623(b). The KCPA does not specifically define unconscionable acts or practices, though it does provide the Court some guidance. See K.S.A. § 50-627(b). In determining whether an act or practice is unconscionable, courts must consider circumstances of which defendants knew or had reason to know, including but not limited to the following:

(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;
(2) when the consumer transaction was entered into, the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers;
(3) the consumer was unable to receive a material benefit from the subject of the transaction;
(4) when the consumer transaction was entered into, there was no reasonable probability of payment of the obligation in full by the consumer;
(5) the transaction the supplier induced the consumer to enter into was excessively onesided in favor of the supplier;
(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment; and
(7) except as provided by K.S.A. 50-639, and amendments thereto, the supplier excluded, modified or otherwise attempted to limit either the implied warranties of merchantability and fitness for a particular purpose or any remedy provided by law for a breach of those warranties.

Id. § 50-627(b); see also State ex rel. Stovall v. DVM Enters., Inc., 275 Kan. 243, 249-50, 62 P.3d 653, 657 (2003) (listing additional factors to consider). In general, to be unconscionable the act or practice must contain "some element of deceptive bargaining conduct . . . as well as unequal

10

bargaining power." Stovall, 275 Kan. at 251, 62 P.3d at 658. Typically, unconscionable acts or practices involve conduct by which a supplier seeks to induce or require a consumer to assume risks which materially exceed the benefits of a related consumer transaction. K.S.A. § 50-627, 1973 cmt. 1; see also State ex rel. Stovall v. ConfiMed.com, L.L.C., 272 Kan. 1313, 1318, 1321, 38 P.3d 707, 711-13 (2002).

Under K.S.A. § 50-627(b)(6), plaintiffs cite Barrette's statements that its vinyl railings are designed to be "safe and secure," "keep your family and guests safe," and "vinyl railings will require very little maintenance and will not warp, crack, splinter, peel or ever need painting." Plaintiffs claim that the statements were misleading statements of opinion on which the consumer was likely to rely to the consumer's detriment. Barrette responds by arguing that (1) interpreting the KCPA so broadly as to prohibit actions that have the potential to mislead by implication could create absurd results and (2) plaintiffs have not alleged any deceptive bargaining practices required to state an unconscionability claim under the KCPA. The Court finds as follows: First, plaintiffs allege that Barrette made specific false statements about its vinyl railings with intent to mislead plaintiffs and other consumers as to their safety. The alleged statements involve more that the mere potential to mislead by implication, but rather a direct attempt to mislead by specific false statements. Second, on this record it is not clear that these alleged statements do not constitute a deceptive bargaining practice. The Court therefore declines to dismiss plaintiffs' unconscionability claim.

### C. Damages In Class Action Under The KCPA

Barrette argues that plaintiffs improperly seek relief for damages both individually and on behalf of a class. Barrette's argument, however, does not address K.S.A. § 50-634(d), which allows a consumer who suffers loss as a result of a violation of the KCPA to bring a class action for

11

damages caused by deceptive or unconscionable acts or practices.  In any event, Barrette's argument about plaintiffs' ability to seek damages on behalf of the putative class is premature because the Court has not certified a class in this case.

**IT IS THEREFORE ORDERED** that Home Depot's Partial Motion To Dismiss Second Amended Complaint (Doc. #38) filed September 14, 2012, and Defendant Barrette Outdoor Living, Inc.'s Motion To Dismiss Plaintiffs' Second Amended Complaint (Doc. #40) filed September 21, 2012, be and hereby are **OVERRULED**.

Dated this 4th day of December, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge