IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN NIEBERDING, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 12-2353-DDC-TJJ ) |
| BARRETTE OUTDOOR LIVING, INC. and HOME DEPOT USA, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs, who represent a class of purchasers of outdoor railing products designed and sold by defendants Barrette Outdoor Living, Inc. and Home Depot USA, Inc., allege that the railing products included defective plastic brackets which harmed all members of the proposed class by causing them to pay more for the products than they were worth. This matter is presently before the Court on Defendants' Motion to Stay Pending Rule 23(f) Appeal (ECF No. 163). Defendants request an order, pursuant to Fed. R. Civ. P. 23(f), staying all proceedings in this case pending resolution by the Tenth Circuit Court of Appeals of Defendants' appeal of the order granting class certification. Plaintiffs agree that dissemination of notice to potential class members should be withheld until the appeal is resolved, but oppose a stay of further proceedings in this case unrelated to the dissemination of notice. As set forth below, the motion to stay the case in its entirety is granted.

**I.      Procedural History**

By Memorandum and Order dated September 8, 2014 (ECF No. 157), District Judge Daniel D. Crabtree granted in part and denied in part Plaintiff Frederick Nieberding's Motion for

Class Certification.  Judge Crabtree judge found Plaintiff satisfied the requirements for certification of a Rule 23(b)(3) class action on the question of liability on the three class claims, but severed the request for damages for determination at a later date.  The parties were ordered to submit a joint proposed order for providing notice to class members that complies with Rule 23(c)(B)(2) and to contact the undersigned Magistrate Judge to set a scheduling conference. On September 10, 2014, an order was entered setting a scheduling conference (ECF No. 158).

On September 23, 2014, Defendants filed their respective petitions for permission to appeal pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5.[1]  Defendants filed the instant Motion to Stay Pending Rule 23(f) Appeal on October 7, 2014.  The Tenth Circuit Court of Appeals granted Defendants' petitions for permission to appeal on October 10, 2014.[2]

## II.     Whether a Stay Under Fed. R. Civ. P. 23(f) is Appropriate

Defendants request a stay of all further proceedings in this case until the Tenth Circuit rules on their appeal of the class-certification order.[3]  They argue that proceeding with this case while their appeal is pending will require them to bear the significant burden and expense of providing class notice, conducting further discovery, and preparing for a class trial. They argue that these tasks will not only burden the parties; they also will require the expenditure of significant judicial resources, which could be unnecessary depending upon the outcome of the appeal. And, if the Tenth Circuit decertifies the class or alters the class definition in light of

---

[1] *See* ECF Nos. 159 & 160.

[2] *See* ECF No. 167.

[3] Defendants initially also requested that all proceedings be stayed until the Tenth Circuit ruled upon their petitions for permission to appeal.  As the Tenth Circuit granted the petitions for permission to appeal on October 10, 2014, the Court finds this request moot.

Defendants' appeal, Defendants argue that proceeding with this case will create substantial confusion among the class members.

Federal Rule of Civil Procedure 23(f) expressly provides that an appeal from an order granting or denying class-action certification "does not stay proceedings in the district court unless the district judge or the court of appeals so orders."[4] Rule 23(f), however, does not set forth any factors or considerations to guide the district court's stay decision.  Nor has the Supreme Court or the Tenth Circuit articulated a specific standard a district court should use in deciding whether to stay a case pending a Rule 23(f) appeal of a class-certification order.  Courts that have addressed motions to stay pending a rule 23(f) appeal are nearly universal in looking to the four-factor test used in deciding a motion for preliminary injunction or motion to stay a case pending appeal.[5]  In the District of Kansas, at least one case has employed an analysis similar to that used in motions for preliminary injunctions or stays pending appeals of final judgments in determining whether a Rule 23(f) stay was warranted.[6]  The factors that regulate the issuance of a stay of a judgment or an order pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent

---

[4] Fed. R. Civ. P. 23(f).

[5] *See Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014);  *Sobel v. Hertz Corp.*, No. 3:06-CV-00545-LRH-RA, 2014 WL 29105, at *2 (D. Nev. Jan. 2, 2014); *Altamura v. L'Oreal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013 WL 4537175, at *1 (C.D. Cal. Aug. 26, 2013); *Whitlock v. FSL Mgmt., LLC*, No. 3: 1 0CV-00562-JHM, 2012 WL 6675124, at *3 (W.D. Ky. Dec. 21, 2012); *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010); *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 4 (D.D.C. 2002).

[6] *See In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2006 WL 3021126, at *1 (D. Kan. Oct. 23, 2006).

3

a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[7] These same factors are required in applications for stay pending appeal filed with the Tenth Circuit Court of Appeals.[8] These factors require individualized consideration and assessment in each case.[9] In considering these factors, the Court is cognizant that a stay is not a matter of right, even if irreparable injury might otherwise result, but is instead "an exercise of judicial discretion," and the propriety of its issuance is dependent upon the "circumstances of the particular case."[10] The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion.[11]

Accordingly, the Court will consider these factors to guide its determination of whether to stay further proceedings in this case until the Tenth Circuit resolves Defendants' Rule 23(f) appeal of the class-certification order.

### A. Likelihood of Success on Appeal

Defendants contend that the first factor, whether they are likely to succeed on the merits of the appeal, weighs strongly in favor of a stay. They argue that the Tenth Circuit's decision to grant them permission to appeal leaves no doubt that neither the Court nor the parties should

---

[7] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (reiterating the factors regulating the issuance of stay pending appeal under either Fed. R. Civ. P. 62(c) or Fed. R. App. P. 8(a)); s*ee also McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (setting forth the *Hilton* factors as the standard for a motion to stay pending appeal).

[8] *See* 10th Cir. R. 8.1 ("No application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following: . . . the likelihood of success on appeal; the threat of irreparable harm if the stay or injunction is not granted; the absence of harm to opposing parties if the stay or injunction is granted; and any risk of harm to the public interest.").

[9] *McClendon*, 79 F.3d at 1020 (citing *Hilton*, 481 U.S. at 776–77).

[10] *Nken v. Holder*, 556 U.S. 418, 433 (2009). *See also Hilton*, 481 U.S. at 776 ("[T]he traditional stay factors contemplate individualized judgments in each case").

[11] *Nken*, 556 U.S. at 433–34.

shoulder the unnecessary burdens imposed by preparing for a class-wide trial in this case, including merits discovery and pretrial proceedings, before the appeal is resolved.

For requests to stay a case pending a Rule 23(f) appeal, some district courts have found the substantial likelihood of success on appeal inquiry to have two layers.[12] The first is whether the moving party will obtain permission to appeal.[13] The second is whether, if permission to appeal is granted, the moving party will prevail on the merits of its appeal.[14]

In this case, the Tenth Circuit has already granted both Defendants' petitions for permission to appeal under Rule 23(f), thus satisfying the first layer of the inquiry. The next component of the Court's inquiry is the likelihood that Defendants will prevail on the merits of their appeal of the District Judge's class-certification order.

Defendants argue that, "courts in the Tenth Circuit grant motions for stay even when the movant is *not* likely to succeed on the merits," citing a Colorado case in support.[15] Although Defendants cite no Tenth Circuit cases to support their argument, and the Court finds no such cases from the District of Kansas, the Tenth Circuit has adopted a more lenient standard for meeting the likelihood of success requirement when the other three preliminary injunction factors are met.[16] In such cases:

---

[12] *Thorpe v. Dist. of Columbia.*, No. CV 10-2250 (ESH), 2014 WL 3883417, at *2 (D.D.C. Aug. 8, 2014); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 4 (D.D.C. 2002).

[13] *Thorpe*, 2014 WL 3883417, at *2.

[14] *Id.*

[15] *CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013).

[16] *Otero Sav. & Loan Ass'n v. Fed. Reserve Bank of Kan. City, Mo.*, 665 F.2d 275, 278 (10th Cir. 1981)

> It will ordinarily be enough that the [party moving for injunctive relief] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.[17]

Defendants argue that their appeal raises important legal questions on which the Tenth Circuit is likely to rule in their favor.  They contend that Judge Crabtree overlooked serious typicality, predominance, and superiority problems by certifying the class despite the unique issues that accompany Plaintiff's attempt to serve as class representative given that his claims are rooted in his son's personal injury.  Defendants also assert that the District Judge's creation of an "opt-in" class, where consumers need submit only a picture of the railing or receipt to become a class member, is unworkable and violates Defendants' due process rights.

Conversely, Plaintiffs argue that Defendants' petitions are not likely to succeed on appeal. They argue that the Tenth Circuit has discretion whether to grant the appeal, and generally such an appeal will not be granted in the absence of "appeal-worthy certification" issues.  With respect to the issues raised by Defendants on appeal, Plaintiffs counter that although the District Judge concluded that the question of whether the brackets were inherently defective at the time they were sold was common to the class, he did not assume, wrongly or otherwise, that the brackets were, in fact, defective.  Plaintiffs further assert that the interests and claims of the representative plaintiff and class members need not be identical.

Based upon the record in this case, the Court cannot find that Defendants will "likely" succeed on the merits of their appeal of the order granting class certification. However, the Court agrees that Defendants' appeal raises "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation."   The combination of the Tenth Circuit granting the petitions for permission to

---

[17] *Id.* (citing *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964)).

appeal, along with the nature of the issues raised by Defendants in their appeal is sufficient to satisfy this more lenient standard adopted by the Tenth Circuit, provided Defendants satisfy the other three factors.

### B. Whether Defendants Will Suffer Irreparable Harm if the Action Proceeds

Defendants next argue that they will be irreparably harmed if the case is not stayed in its entirety. They contend that their Rule 23(f) appeal raises, at the very least, a colorable doubt that the class will remain certified. They claim that proceeding with this case during the pendency of the appeal will waste both parties' time and money if the Tenth Circuit later decertifies or changes the class. This unnecessarily creates the potential for duplication of unrecoverable costs and expenditures necessitated by sending class notice, conducting class discovery, and preparing this case for a class trial. According to Defendants, the prudent course is to avoid those unrecoverable expenditures by staying this case until the Tenth Circuit resolves the Rule 23(f) appeal.[18]

Plaintiffs concede that class notice should be stayed pending appeal and assert that Defendants fail to cite circumstances that merit a stay of any proceedings other than the dissemination of notice. Plaintiffs argue that Defendants provide no support for staying other proceedings, such as discovery of the identities of potential class members and/or witnesses, expert testing and analysis of the guardrail system and its component parts, preparation of class notice, scheduling conferences, and mediation.

---

[18] Defendants assert other arguments to support their request for stay based upon the negative consequences that would result from initiating class notice prior to a ruling on appeal. Those arguments are now moot given Plaintiffs' concession that class notice should be stayed and the Court need not address them here.

The Court concludes that Defendants have shown that they will be harmed if they are required to incur significant costs in proceedings that may result in duplicative and wasteful litigation if the Tenth Circuit decertifies or alters the class.  Although Plaintiffs' agreement to withhold dissemination of class notice does undercut Defendants' cost argument, the Court finds that Plaintiffs' suggestion to proceed with discovery as to the identities of potential class members would subject Defendants to risk of incurring substantial costs that may end up being duplicative, unrecoverable, and wasteful.  Monetary losses that are not recoverable can constitute irreparable harm.[19]  The Court finds that Defendants have made a sufficient showing that they will suffer irreparable harm if this case is not stayed in its entirety.  This factor weighs in favor of Defendants.

**C.     Whether Staying the Entire Case Will Substantially Injure Plaintiffs**

Defendants argue that the proceedings in this Court can resume after the Tenth Circuit timely makes its determination on the class certification issues. They argue there will be no prejudice to Plaintiffs' claims by this short delay.

Plaintiffs argue that they will be significantly harmed if a stay is granted because it will delay the trial date.  Staying discovery and notice-related proceedings would also have the effect of ultimately delaying notice to members of the class in the event the Tenth Circuit affirms the class-certification order.  Plaintiffs urge the Court to deny Defendants' request to stay so that the parties can proceed with discovery relating to Defendants' record-keeping and the identities of potential class members, especially since one of Defendants' major contentions is that the class members may be unascertainable as a result of Defendants' record-keeping.

---

[19] *CGC Holdings*, 965 F. Supp. 2d at 1279 (monetary injury if a stay is not granted could be "irreparable" if it cannot be recouped).

The Court finds that the harm to Plaintiffs in granting a stay of all proceedings pending Defendants' appeal of the class-certification order is primarily in the form of delay of the proceedings. Plaintiffs have agreed that a stay of dissemination of the class notice is appropriate but they oppose a stay of the entire case. The Court recognizes that the Tenth Circuit's decision on appeal is not dispositive of this action and staying this action pending that appeal will delay the ultimate resolution of this case. The Advisory Committee's note to Rule 23(f) specifically encourages the appellate courts to act expeditiously on petitions for permission to appeal, therefore the Court expects the Tenth Circuit will resolve Defendants' appeal petitions in a timely manner.

While staying this case in its entirety will cause delay, the Court finds this harm to Plaintiffs is outweighed by the greater harm to Defendants in requiring them to proceed with a scheduling conference, discovery on the identities of potential class members, and preparing for a class trial during the interlocutory appeal of the order granting class certification. The Court agrees with Plaintiffs that the parties could proceed with factual and expert discovery on the merits of the claims, as that discovery is not dependent on the outcome of the appeal. The Court, however, does not find that Plaintiffs would be substantially harmed if precluded from proceeding with this discovery during the pendency of the appeal of the class-certification order. "The purpose of Rule 23(f), in part, is to ensure that interlocutory appeals of class certification decisions are heard and decided in a timely manner, so as not to disrupt the proceedings at the district court level."[20] The Court concludes that Defendants would be irreparably harmed absent a stay and this harm outweighs the injury caused by delay to Plaintiffs if the case is stayed in its

---

[20] *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 199 (3d Cir. 2008) (citing Fed. R. Civ. P. 23(f) advisory committee's note).

9

entirety. This factor weighs in favor of granting a stay of the entire case pending Defendants' appeal of the class-certification order.

### D. Public Interest

Defendants assert that the public interest favors a stay. They submit that the class certification order is at odds with Supreme Court precedent. They argue that it is important to courts and litigants in the Tenth Circuit to allow the Court of Appeals to clarify how recent Supreme Court authority affects the law in this circuit. Additionally, Defendants argue that proceeding with this case before the Tenth Circuit resolves the class issues could cause this Court to waste valuable judicial resources—such as managing class fact and expert discovery and addressing complicated notice issues for yet-to-be identified class members—if the Tenth Circuit's decision moots work done by the district court in the interim.

Plaintiffs contend that the public interest is best served by moving forward in anticipation that the Tenth Circuit will reject Defendants' petition for an interlocutory appeal. Plaintiffs note this case involves a consumer product consisting of a vinyl guardrail system, which they allege is unreasonably and inherently dangerous. Yet, their suggestion that the public interest would be served by proceeding without the stay so as to minimize the potential risk of the railing product to public safety is undercut by their concession to stay class notice proceedings pending the appeal.

In short, Plaintiffs' argument relates merely to delay, but they fail to show how the delay will seriously and negatively impact Plaintiffs or the outcome of this case. The Court agrees with Defendants on this factor and finds that the public interest is best served by not requiring Defendants to incur significant costs that may in the end be unnecessary and duplicative. For

these reasons, the Court finds this factor to weigh in favor of granting Defendants' motion to stay.

The Court finds that all four of the above-discussed factors weigh in favor of staying all proceedings during the pendency of the Rule 23(f) appeal.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Stay Pending Rule 23(f) Appeal (ECF No. 163) is granted. All proceedings in this case are hereby stayed pending resolution of Defendants' appeal of the class-action certification order before the Tenth Circuit Court of Appeals.

**IT IS FURTHER ORDERED THAT** the parties shall promptly notify this Court of action taken by the Tenth Circuit in relation to their Rule 23(f) petitions.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 10th day of November 2014.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
