IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN NIEBERDING and
FREDERICK ALOYSIUS NIEBERDING,

    Plaintiffs,

v.

BARRETTE OUTDOOR LIVING, INC. and
HOME DEPOT USA, INC.,

    Defendants.

Case No. 12-CV-2353-DDC-TJJ

**MEMORANDUM AND ORDER**

On March 25, 2015, plaintiff Frederick Aloysius Nieberding filed an unopposed motion for (1) certification of settlement class, (2) preliminary approval of class action settlement, and (3) approval of form and manner of notice (Doc. 181). On April 14, 2015, the Court granted in part and denied in part plaintiff's motion (Doc. 184). The Court granted plaintiff's request to certify a settlement class and to approve the proposed settlement preliminarily. But the Court denied plaintiff's request to approve the manner of the proposed notice to class members. On May 1, 2015, plaintiff filed a Motion for Approval of Amended Notice Plan (Doc. 186). The Court concludes that plaintiff has corrected the deficiencies it identified in plaintiff's original notice proposal and therefore grants plaintiff's motion.

    **I. Amended Notice Plan**

When a court certifies a class under Fed. R. Civ. P. 23(b)(3), it must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Fed. R. Civ. P. 23(e) and the Constitution's Due Process Clause also contain notice

requirements, but they are either coextensive with or less stringent than Rule 23(c)(2)(B)'s mandate. *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005); Fed. R. Civ. P. 23(e).  The "best notice practicable" does not necessarily mean actual notice, *e.g.,* mailed individual notice. *DeJulius*, 429 F.3d at 944.  Instead, notice by publication can satisfy Rule 23 and due process when the identities of class members are unknown to the parties.  *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 320 (1950)).  But "[i]ndividual notice to identifiable class members is not a discretionary consideration that can be waived in a particular case; rather, it is 'an unambiguous requirement of Rule 23.'" *Better v. YRC Worldwide, Inc.*, No. 11-2072-KHV, 2015 WL 566962, at *3 (D. Kan. Feb. 11, 2015) (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974)).

In its April 14 Order, the Court approved the content and form of plaintiff's proposed long-form notice, publication notice, and the claim form.  But the Court rejected plaintiff's method of distributing the class notice because plaintiff proposed notice by publication only, without showing that individual notice was not practicable.  Plaintiff attached a Stipulation that "Home Depot's records do not enable Home Depot to identify the precise number or the identities of all persons who purchased" products containing the Brackets at issue in this case.  Doc. 184 at 14.  From this, the Court concluded that although Home Depot could not identify *all* Bracket purchasers, it may be able to identify *some* Bracket purchasers.  Because actual notice, when possible, is "'an unambiguous requirement of Rule 23,'" the Court directed plaintiff to confer with Home Depot to determine which, if any, class members Home Depot could identify specifically.  *Better*, 2015 WL 566962, at *3 (quoting *Eisen*, 417 U.S. at 176).

The parties have conferred and have identified class members whom they can provide with individual notice.  As set forth in plaintiff's motion, there are three ways a customer can

purchase a Bracket from Home Depot: (1) special service order from a store; (2) online; and (3) in person at a store. When a customer purchases a Bracket through a special service order, Home Depot creates an invoice with the customer's name and address. Home Depot maintains these invoices in the ordinary course of business and was able to identify, by name, 190 persons who had purchased products containing the Brackets in Kansas by special service orders. When customers purchased a Bracket online, they generally provide their billing and contact information. Home Depot maintains this information in the ordinary course of business and could identify 35 persons in Kansas who ordered products containing the Brackets online. In contrast, Home Depot cannot identify any in-store purchasers of the Brackets because Home Depot does not ask such customers for their names or addresses.

Thus, after conferring with Home Depot, plaintiff has determined that it can identify approximately 225 class members by name. As a result, plaintiff has agreed to supplement his original notice plan: Rust Consulting, Inc., the third-party claims administrator, will send the long-form notice to all 225 class members identified by Home Depot via U.S. first-class mail. Plaintiff also will publish notice according to his original plan as follows: Within 20 days of this Order, the Claims Administrator will publish, two separate times, the publication notice (Doc. 182-1 at 45-46) in The Garden City Telegram, The Hays Daily News, the Hutchinson News, The Kansas City Star, the Lawrence Journal-World, The Topeka Capital-Journal, and The Wichita Eagle.

The Court concludes that plaintiff's amended notice plan is the "best notice that is practicable under the circumstances," because it provides individual notice to all class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). As a result, the

plan satisfies the requirements of Rule 23(c)(2)(B), Rule 23(e), and the due process clause. The Court grants plaintiff's motion.

## II. Final Approval Schedule

Courts approve class action settlements in two steps. "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement." *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012). Plaintiff's March 25, 2015 motion for certification of settlement class, preliminary approval of class action settlement, and approval of form and manner of notice also proposed a final approval schedule. In its April 14 Order, the Court declined to set any final approval schedule until plaintiff satisfied the notice requirements of Rule 23 and the due process clause. Plaintiff has now done so. As a result, the Court preliminarily schedules the final approval hearing for Friday, August 28, 2015 at 9:00 a.m in Kansas City, Kansas. This deadline provides sufficient time for the class members to receive notice and decide whether to opt-out or file objections. *See* William B. Rubenstein, Newberg on Class Actions § 8:16 (5th ed.) ("Since important due process rights are at stake, and time is rarely of immense importance, however, there is no compelling reason that class members should not be given at least 60 days' time frame in which to file objections or appear at a fairness hearing."). The Court also imposes the following additional deadlines (similar to those proposed by plaintiff):

| By May 26, 2015 | The Class Action Settlement Administrator must post the Long-Form Notice on the Settlement website. |
|---|---|
| By June 1, 2015 | The Class Action Settlement Administrator must publish the publication notice and send, via U.S. first-class mail, the Long-Form Notice to each Class Member who can be specifically identified. |
| By July 31, 2015 | Class members must postmark requests for exclusion ("opt-outs") from the Settlement Class and submit written objections to the Settlement Agreement. |

| August 10, 2015 | Deadline for Class Counsel to file Motion for Final Approval. |
| August 18, 2015 | Deadline for the parties to file responses to Class Members' objections (if any). |

If any of these deadlines conflict with the parties' expectations or schedules, the Court directs them to raise such issues by motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Approval of Amended Notice Plan (Doc. 186) is granted. The Court preliminarily schedules the final approval hearing for August 28, 2015 at 9:00 a.m. and imposes other deadlines as specified in this Order.

**IT IS SO ORDERED.**

**Dated this 12th day of May, 2015, at Topeka, Kansas.**

          s/ Daniel D. Crabtree
          **Daniel D. Crabtree**
          **United States District Judge**